**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE ALBERTO ESTRADA QUIROA, | No. 08-72224 |
| Petitioner, | Agency No. A097-126-046 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2011[**]

Before:     CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

Jose Alberto Estrada Quiroa, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum and

withholding of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for substantial evidence the agency's factual findings, and we review de novo the agency's legal determinations. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

The record does not compel the conclusion that Estrada Quiroa established changed or extraordinary circumstances to excuse the delay in filing his asylum application beyond the one-year deadline. *See* 8 C.F.R. §§ 1208.4(a)(4), (5); *Ramadan v. Gonzales*, 479 F.3d 646, 656-58 (9th Cir. 2007) (per curiam). Accordingly, we deny the petition as to Estrada Quiroa's asylum claim.

Estrada Quiroa contends he suffered past persecution and faces a clear probability of future persecution on account of a political opinion that guerillas imputed to him when he refused to join them. The record does not compel the conclusion that Estrada Quiroa established that he was targeted in the past on account of a political opinion, imputed or otherwise. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481-82 (1992) (guerilla group's attempt to conscript an asylum seeker does not necessarily constitute persecution on account of political opinion); *Pedro-Mateo v. INS*, 224 F.3d 1147, 1151 (9th Cir. 2000) (kidnaping by Guatemalan government soldiers and guerillas not on account of political opinion). Further, substantial evidence supports the agency's finding that Estrada Quiroa has not established a clear probability of future persecution in Guatemala. *See*

*Molina-Estrada v. INS*, 293 F.3d 1089, 1095-96 (9th Cir. 2002).  Accordingly,

Estrada Quiroa's withholding of removal claim fails.

Finally, we reject Estrada Quiroa's contention the BIA failed to do an

adequate review and his contention the BIA failed to fully articulate its reasons for

denying his asylum and withholding of removal claims.  *See Lata v. INS*, 204 F.3d

1241, 1246 (9th Cir. 2000) (requiring error to prevail on due process claim).

**PETITION FOR REVIEW DENIED.**